IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALLIE FOSTER )
 )   No. 3-11-0367
v. )
 )
WAL-MART STORES EAST, LP )

MEMORANDUM

Pending before the Court is the plaintiff's motion to allow nonsuit without prejudice (Docket Entry No. 31). The entirety of the plaintiff's explanation for seeking a "nonsuit without prejudice" is that "one of the Plaintiff's treating physicians has been uncooperative as to providing testimony and counsel was until recently unaware the Plaintiff has changed treating physicians."

The defendant opposes the motion, maintaining that it has incurred significant costs in litigation, that the plaintiff has not been diligent in prosecuting this case, that the plaintiff does not have a sufficient explanation for seeking dismissal without prejudice, and that the plaintiff should not be allowed to "non-suit" without prejudice to avoid an adverse ruling on the defendant's pending motion for summary judgment. Docket Entry No. 34. The plaintiff has not filed or sought to file a reply to the defendant's response.

This case was filed on March 9, 2011, in the Circuit Court of Rutherford County, and removed to this Court on April 18, 2011. By initial case management orders entered June 13, 2011 (Docket Entry Nos. 8-9), deadlines for the progression of the case were established, including a December 15, 2011, deadline for the plaintiff to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and a February 15, 2012, deadline to complete all depositions for evidence of any witness offering medical or other expert testimony, including any treating health care provider. The trial was scheduled on May 15, 2012.

On February 7, 2012, the plaintiff filed a motion for extension of time to serve expert disclosures (Docket Entry No. 23), which the defendant opposed (Docket Entry No. 25). The Court scheduled a telephone conference call with counsel for the parties on February 27, 2012, see Docket Entry No. 26, at which time, as reflected in the order entered March 5, 2012 (Docket Entry No. 29),

the time for the plaintiff to serve Rule 26(a)(2) expert disclosures was extended to March 12, 2012, the time for the plaintiff to take any medical depositions for proof was extended to May 31, 2012, and the trial was rescheduled to August 7, 2012.

The controlling Sixth Circuit law provides that it is "[g]enerally" an abuse of discretion to deny a motion to dismiss without prejudice unless the defendant will "suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to the mere prospect of a second lawsuit." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Wise v. Williams, 2012 WL 1969855, *1 (M.D. Tenn. June 1, 2012). To determine if there has been "plain legal prejudice," the Court must consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the plaintiff's part, any insufficient explanation for seeking a dismissal, and whether a motion for summary judgment has been filed by the defendant. Bridgeport, supra.

Apparently the plaintiff did not take any depositions for proof by the May 31, 2012, deadline, nor did the plaintiff seek any further extension of time to do so.

The Court agrees with the defendant that the Bridgeport/Grover factors weigh heavily in defendant's favor. According to the defendant, it has incurred approximately $17,000.00 in attorneys' fees and expenses in its defense of the case. The defendant filed a motion for summary judgment, which was fully briefed. The case is now on the eve of trial. The Court finds that the defendant would suffer plain legal prejudice if the plaintiff were permitted to voluntarily dismiss the case without prejudice in light of the costs incurred by the defendant, the effort that the defendant has made in presenting its motion for summary judgment and in preparing this case through the eve of trial, the delay and apparent lack of diligence on the plaintiff's part, and the plaintiff's sparse explanation to support her motion.

As a result, the plaintiff's motion to non-suit without prejudice will be denied.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge