IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALLIE FOSTER )
) No. 3-11-0367
v. )
)
WAL-MART STORES EAST, LP )

MEMORANDUM

Pending before the Court is the defendant's motion for summary judgment and accompanying filings (Docket Entry Nos. 12-14, and 17), the plaintiff's response (Docket Entry Nos. 20 and 22), and the defendant's reply (Docket Entry No. 24).

The plaintiff filed this action to recover for injuries she asserts that she sustained on March 10, 2010, when she tripped and fell on a pallet in the aisle of a Wal-Mart store in Murfreesboro, Tennessee.

The defendant maintains that the plaintiff cannot show that the defendant had a duty to remove or warn of any danger posed by the pallet or that the defendant caused the plaintiff to fall. The defendant also contends that it is not liable to the plaintiff because her comparative fault caused the accident.

I. STANDARD OF REVIEW

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003); Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002); Securities & Exch. Comm'n v. Blavin, 760 F.2d 706, 710 (6th Cir. 1985). Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with specific evidence supporting its claim

and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Hopson, 306 F.3d at 432; Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). A mere scintilla of evidence is insufficient; there must be evidence upon which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Meyers, 341 F.3d at 466.

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson, 477 U.S. at 248. The dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

## II. FACTUAL BACKGROUND

The facts surrounding the accident are undisputed. See Docket Entry No. 22. At approximately 11:15 p.m. on March 10, 2010,[1] the plaintiff was smelling Lysol products displayed on the left-hand side of the endcap at the end of a shopping aisle.[2] When she walked "pretty quick" to the other side of the endcap to sample products on the other side, she tripped over a wooden pallet on the floor. The pallet was painted bright blue, in contrast to the color of the floor. Id. at 22-23. According to the defendant, the endcap was four feet wide and the pallet was four feet by three feet.

---

[1] In her complaint, the plaintiff indicated that the date was March 10, 2011, the day after the plaintiff filed her lawsuit in state court. Clearly, the plaintiff intended to allege that the accident occurred on March 10, 2010.

[2] An "endcap" is a display on the end of an aisle. Docket Entry No. 13, at 3; Docket Entry No. 12-1, at 7 and 29.

2

Docket Entry No. 12-2, at 2. The plaintiff did not see the pallet nor did she look at the floor before walking from one side to the other.

Tim Fox, the store manager at the time of the accident, attested to the depictions shown on a video filed by the defendant.[3] See Docket Entry Nos. 17 and 12-2. At approximately 11:13 p.m., there was a shopping cart next to the pallet, and at approximately 11:14 p.m. an "associate" of the defendant worked with "stuff" on the pallet, until 11:15 p.m., when the associate put the merchandise from the pallet into the shopping cart and walked away with the shopping cart. Between 11:00 p.m. and 11:15 p.m., at least ten other persons saw the pallet and walked around it without tripping or falling on it.[4] See also Docket Entry No. 22. As the plaintiff testified at her deposition, the other side of the endcap was 1-2 feet away from where the plaintiff was initially standing on the left-hand side of the endcap. Docket Entry No. 12-1, at 11-12.

The plaintiff originally filed this case in the Circuit Court of Rutherford County, Tennessee, and the defendant removed the action to this Court on the basis of diversity jurisdiction.

III. DISCUSSION

The defendant contends that summary judgment should be granted in its favor because the plaintiff cannot establish that the defendant had a duty to remove or warn of the danger caused by the pallet and that the pallet caused the plaintiff to trip and fall. In contrast, the plaintiff maintains that the defendant had a duty to warn shoppers of the danger posed by the pallet.

It is undisputed that the substantive law of Tennessee applies. While businesses are not insurers of their customers' safety, Williams v. Goodyear Tire & Rubber Co., 2012 WL 1228391, *5 (W.D. Tenn. Apr. 11, 2012); Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004), a

---

[3] The particular endcap where the plaintiff fell is not at the front of the video and difficult to see. However, the plaintiff does not dispute the description of the video as Mr. Fox sets forth in his affidavit. It is undisputed that the video does not depict the plaintiff or the plaintiff's fall.

[4] However, it appears that, during a significant portion of that 15 minute time period, the shopping cart was next to the pallet and for approximately two minutes an associate was with the cart and the pallet.

business owner must exercise reasonable care to its business invitees to make the premises safe. Williams, supra; Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998); Longmire v. The Kroger Co., 134 S.W.3d 186, 188 (Tenn.Ct.App. 2003). That duty includes the obligation to remove, repair, or warn against latent or hidden dangers and defective conditions on the premises about which the business owner was aware or should have been aware by the exercise of reasonable diligence. Rice, supra; Blair v. Campbell, 924 S.W.2d 75, 76 (Tenn. 1996); Eaton v. McLain, 891 S.W.2d 593-94 (Tenn. 1994).

To prevail in a premises liability case, the plaintiff's case must establish: (1) that the defendant owed a duty of care to the plaintiff; (2) the defendant's conduct was below the applicable standard of care, amounting to a breach of the duty of care; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. Cohn v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998), overruled on other grounds by Cross v. City of Memphis, 20 S.W.3d 642 (Tenn. 2000); McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995); Masters v. WalMart Stores East, L.P., 2009 WL 2868750, *4 (Tenn.Ct.App. June 25, 2009). The determination of the first prong of whether the defendant owed a duty of care to the plaintiff is a question of law. Hale v. Ostrow, 166 S.W.3d 713, 716 (Tenn. 2005); Cohn, supra.

Before 1998, a plaintiff was barred from recovery in Tennessee if the danger was "open and obvious." However, after Tennessee adopted a comparative fault system, see McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), the Tennessee Supreme Court held that the "open and obvious" defense was no longer a preclusive bar but was a factor to be considered in balancing the foreseeability and gravity of harm with the feasibility and availability of alternatives that would have avoided or prevented the harm. Cohn, 966 S.W.2d at 43. The Court explained,

> Whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm, are all relevant considerations that provide more balance and insight to the analysis than merely labeling a particular risk "open and obvious."

Id. See also Hale, supra. It is in that context and with that analytical framework that the plaintiff's claims in this case must be analyzed.

Both parties have cited cases in support of their respective positions. The Court agrees with the plaintiff that the cases cited by the defendant are not factually directly on point. See Arrambide v. Wal-Mart Stores, Inc., 33 Fed.Appx. 199 (6th Cir. Apr. 4, 2002) (plaintiff had already walked around the pallet before tripping over it); Rice v. Sabir, 979 S.W.2d 305 (Tenn. 1998) (injury to plaintiff by falling from a slippery roof with accumulated mildew not foreseeable); Norfleet v. Pulte Homes Tenn. Ltd. P'ship,, 2001 WL 5446068 (Tenn.Ct.App. Nov. 9, 2011) (plaintiff was in a model home, not a retail store); Young v. First Bank of Tenn., 2011 WL 332700 (Tenn.Ct.App. Jan. 28, 2011), and Stewart v. Seton Corp., 2008 WL 426458 (Tenn.Ct.App. Feb. 12, 2008) (outside curbs make the cases factually different from pallets in a retail store, but the court found that the defendants had no duty to the plaintiffs who failed to look).

Similarly, however, the cases cited by the plaintiff are also not factually directly on point. See Tate v. Champion, 2007 WL 1259208 (Tenn.Ct.App. Apr. 30, 2007) (landlord breached duty to tenant by digging and leaving uncovered a trench into which the tenant fell even though the tenant was aware of the trench and had complained to the landlord about it); Curry v. City of Hohenwald, 223 S.W.3d 289 (Tenn.Ct.App. 2007) (trial court's allocation of 50% comparative fault to plaintiff reversed when the defendant City had the duty to maintain the water meter and was on notice of the defective condition even though the plaintiff landowner was also aware of defective water meter cover in his yard).

In accord with the Cohn analysis, the Court must first focus on the issue of foreseeability, i.e., was it foreseeable that a person exercising reasonable perception, intelligence, and judgment would trip and fall over a pallet located on the floor a few feet away as she turned her attention from one side of the endcap to the other. While an invitee has a duty to familiarize herself with her environs to avoid obvious dangers, a store competes for the customer's attention by encouraging her to look at and purchase items for sale. See Herbison v. Hansen Chrysler Plymouth, Inc., 1998 WL 485668

(Tenn.Ct.App. Aug. 19, 1998) (sole cause of plaintiff's injury from tripping on a metal strip in the floor was his own culpable inattention, although his attention had been diverted to finding the newly located parts department of the automobile dealer).

Although the plaintiff stipulates that the pallet was "open and obvious," she contends that the defendant had "every reason to foresee that a store patron could, and would, trip over a pallet laid out in the middle of the aisleway where retain (sic) merchandise was inviting the patron's eyes and distracting them from the pallet on the floor." Docket Entry No. 20-1, at 11. The plaintiff suggests that the defendant could have posted personnel at the pallet or could have placed signs or orange netting to warn customers. Id.

The defendant supports the lack of foreseeability by the fact that at least ten other customers apparently saw and easily navigated around the pallet without tripping or falling. It does not appear that any of those customers were positioned exactly as the plaintiff was in testing or sampling products on one side of the endcap and intending to continue her sampling on the other side of the endcap.

However, unlike more typical conditions when customers slip and fall on spills on a floor, there is nothing to suggest that any customer ever fell or would fall on a pallet adjacent to an endcap. The lack of foreseeability and gravity of harm is further bolstered by the fact that the plaintiff was standing within feet of the pallet and, at the time she tripped and fell, she was not looking at merchandise on high shelves but rather was moving from her initial location at the endcap to the other side of the endcap. The plaintiff simply failed to look down as she quickly moved to the other side of the endcap. The plaintiff has failed to meet her burden to show that the defendant would reasonably foresee that a customer would trip over a pallet located in close proximity to her. Under the circumstances set forth above to which there is no dispute between the parties, any risk to the plaintiff from the placement of the pallet in the aisleway should have been obvious to a customer exercising reasonable perception, intelligence, and judgment. Cohn, 866 S.W.2d at 43.

As a result, the defendant's motion for summary judgment (Docket Entry No. 12) will be granted.[5]

An appropriate order will enter.

```
                                        _____
                                        JULIET GRIFFIN
                                        United States Magistrate Judge
```

---

[5] Because the Court finds that summary judgment should be granted on the grounds that the defendant did not have a duty of care to the plaintiff, it is not necessary to consider the defendant's other ground asserted in support of it summary judgment motion that the plaintiff's comparative fault precludes her from recovery.